IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ACTON, | : | |
| | : | Case No. 2:12-cv-1049 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

### I.      INTRODUCTION

This matter is before the Court on Plaintiff's Objections (Doc. 14) to the Magistrate Judge's July 16, 2013 Report and Recommendation (Doc. 13), recommending that the Court overrule Plaintiff's Statement of Errors (Doc. 8) and that judgment be entered in favor of Defendant Commissioner of Social Security.  Upon independent analysis by the Court, and for the reasons set forth below, the Court **ADOPTS IN PART** the **Report and Recommendation**. Plaintiff's Statement of Error is **SUSTAINED IN PART** and **OVERRULED IN PART.**

### II.     BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security, denying his application for disability insurance benefits under the Social Security Act.  (Doc. 2).  Plaintiff worked in interior and exterior landscaping, until his onset date, installing shrubs and trees and performing a variety of tasks that required heavy lifting.  Beginning in 2004, he began to experience frequent headaches.  Thereafter, Plaintiff began to suffer from stiffness, limited mobility in his neck, tingling in his left hand, problems gripping with both hands, upper back problems, and the psychological effects arising from his physical condition, including depression.  He received chiropractic treatment that included

1

traction, electric stimulation, and massage therapy.  His physician also treated him with medication that resulted in some mental confusion.  Plaintiff's medical history is thoroughly and accurately summarized in the Report and Recommendation.  (*See* Doc 13 at 3-6).

Plaintiff applied for benefits on June 24, 2009, claiming disability since February 10, 2005.  He received a videoconference hearing before an administrative law judge (the "ALJ") on March 24, 2011.  The ALJ denied benefits in an April 14, 2011 decision.  The ALJ found that Plaintiff met the insured status requirements of the Social Security Act up to December 31, 2010.  He also found that Plaintiff had a number of severe impairments.  The ALJ further found, however, that Plaintiff's impairments never met the requirements of the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ determined that Plaintiff retained residual functional capacity to perform light work with certain limitations.  The ALJ held that Plaintiff could perform jobs identified by the vocational expert and that such jobs existed in significant numbers in both the national and state economies.  The ALJ, therefore, concluded that Plaintiff was not entitled to benefits.

### III.   STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objection to the Report and Recommendations, is required to make a *de novo* review of those recommendations to which objection is made.  This *de novo* review, in turn, requires the Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Commissioner are supported by "substantial evidence."  *Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Secretary of Health, Education and Welfare,* 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole

contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker,* 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *NLRB v. Columbian Enameling and Stamping Company,* 306 U.S. 292, 300 (1939); *Foster v. Bowen,* 853 F.2d 483, 486 (6th Cir. 1988).

The findings of the Commissioner and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Commissioner of Social Security,* 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services,* 658 F.2d 437, 439 (6th Cir. 1981).

Under the treating source regulations, the Commissioner generally gives "more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(d)(2). The Commissioner will give the opinion of a treating physician controlling weight, if the opinion is well-supported and not inconsistent with

3

the other substantial evidence. *Id.* When the opinion of the treating physician is not given controlling weight, factors such as the length of the treatment relationship, nature and extent of the treatment relationship, and the supportability of the physician's opinion will be considered in determining how much weight to afford the opinion. *Id.* The regulations also require the ALJ to give "good reasons in our notice of determination or decision for the weight . . . give[n] your treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling 96-5p (requiring the ALJ to provide an explanation of "the consideration given to the treating source's opinion(s)" on issues reserved to the Commissioner). "'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by'" an ALJ that he is not disabled. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting *Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir. 1999)).

## IV. ANALYSIS

In his statement of specific errors and his objection to the Report and Recommendation, Plaintiff argues that the ALJ did not properly evaluate the opinion of his treating source, Dr. Masone, under 20 C.F.R. § 404.1527(d)(2). (Doc. 8 at 7-10; Doc. 14 at 5-7). He also argues that the ALJ failed to evaluate appropriately the opinion of another treating source, Dr. Maynard. (Doc. 8 at 10-14; Doc 14 at 2-5). Plaintiff further asserts that the ALJ relied on irrelevant evidence in his determination of Plaintiff's credibility. (Doc. 8 at 14-16; Doc. 14 at 7-8).

In her response, Defendant maintains that the ALJ discussed the record evidence at length in its decision and made clear to Plaintiff and the reviewing Court the basis for its evaluation of Drs. Masone and Maynard's opinions. (Doc. 15 at 2-3). Defendant argues that the ALJ provided sufficiently detailed reasoning for finding Plaintiff was less than fully credible. (Doc. 15 at 3).

4

After an independent review of both the record and applicable law, this Court adopts the Magistrate Judge's analysis as to Dr. Maynard's treating source opinion and as to the ALJ's credibility finding with regard to Plaintiff. As the Magistrate Judge noted with regard to Dr. Maynard, "The law in this Circuit is clear that a chiropractor is not an acceptable medical source and that the regulation (20 C.F.R. § 404.1527(d) requiring special deference to the opinions of treating sources) does not apply to chiropractors." (Doc. 13 at 9). Further, the ALJ did address issues of supportability and consistency as to Dr. Maynard's opinion, even though not subject to the more rigorous requirements of § 1527(d)(2). (*Id*. at 10). Regarding the ALJ's credibility finding, the Magistrate Judge observed that "it is up to the ALJ to consider all of the evidence of record, taken together, in deciding how much weight to assign to a claimant's testimony." (*Id*. at 16). The Magistrate Judge correctly gave the ALJ's resolution of inconsistencies between Plaintiff's testimony and record evidence "great weight and deference." (*Id*.; *see Cunningham v. Astrue*, 360 F. App'x. 606, 613 (6th Cir. 2010)).

This Court adopts a different view, however, as to the deference given to Dr. Masone's treating source opinion. The reviewing Court must rely on the ALJ's statement of reasons why a treating source opinion was rejected. The Court may not attribute reasoning to the ALJ that goes unstated in the administrative decision. *See Williams v. Astrue*, No. 3:08-CV-00168 2009 WL 2148625, at *8 (S.D. Ohio July 14, 2009). Here, the ALJ explained his reasoning as follows:

> As for the opinion evidence, the undersigned gives the opinion of Dr. Masone, the claimant's pain management specialist, some weight with regard to the claimant's standing and walking abilities, grasping and fine manipulation abilities, ability to use his feet for repetitive movements, and postural limitations as consistent with the evidence of record and the claimant's reported abilities and activities. However, the undersigned finds the Claimant's lifting capacity greater than indicated based on vocational evaluation data.

5

(Doc. 13 at 12). As the Magistrate Judge noted, the ALJ did not acknowledge that Dr. Masone was a treating source. (*Id*. at 13). It is also clear that the ALJ did not afford Dr. Masone's treating source opinion controlling weight. Further, the record and ALJ decision, when viewed in whole, both contain substantial evidence supporting the ALJ's ultimate decision. (*Id*. at 14). A finding that substantial evidence exists to support the ALJ's ultimate decision, however, does not halt the *de novo* review when a plaintiff has alleged that the ALJ failed to comply with the procedures set forth in 20 C.F.R. § 404.1527(d)(2).

In *Wilson v. Comm'r of Soc. Sec.*, the Court of Appeals held that reversal is required when an ALJ fails to follow the treating source regulations and does not "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination. 378 F.3d at 544. The court reasoned that the treating source regulations impose a clear procedural requirement that the ALJ is bound to follow. *Id*. Ordinarily, an ALJ must give more weight to opinions from treating sources because the treating physician can provide a more thorough assessment of the claimant's impairments and has unique insights into the medical evidence that cannot be obtained elsewhere. *Id*.; 20 C.F.R. § 404.1527(d)(2). As the *Wilson* Court explained, "[i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." 378 F.3d at 544.

The Sixth Circuit also recognized that the regulations establish "a clear procedural requirement." *Id*. In *Wilson*, the Court found that the ALJ failed to clarify why the treating source's opinion was not well-supported or why the treating source's opinion was inconsistent

6

with other substantial record evidence. *Id*. at 546.  The ALJ also failed to identify what evidence supported the findings and failed to explain its application of the § 404.1527(d)(2) factors. *Id*. As a result, the Court concluded, "Reversal is therefore required." *Id*.

The *Wilson* Court went on to explain that the ALJ's failure to give "good reasons" for not crediting treating source opinions "does not constitute harmless error" even when the district court concluded that the treating source's opinion was not supported by the record and that there was substantial evidence supporting the ALJ's decision to afford the treating source little weight. *Id*.  Although the ALJ "could" have relied on record evidence to reject the treating source opinion, "[t]he argument is not persuasive":

> [a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. . . . To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id*. The § 1527(d)(2) requirements is a "substantial" right because the regulations establish "an important procedural safeguard for claimants for disability benefits." *Id*. at 547.

As in *Wilson* the ALJ's opinion here addressed numerous items of evidence that might have been given more or less weight than Dr. Masone's treating source opinion.  The Plaintiff and the reviewing Court, however, are left to infer exactly how the ALJ applied those facts to the various § 1527(d)(2) factors.  A discussion of the available evidence, even with a well-developed record, is not the same as weighing the factors.  The critical step in this analysis is the way in which an ALJ applies certain facts to the § 1527(d)(2) factors.  As the *Wilson* Court noted, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

7

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." 378 F.3d at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)).  The explicit application of facts to the § 1527(d)(2) factors constitutes the "specific reasons for the weight given to the treating source's medical opinion" and serves as a substantial procedural protection of Plaintiff's interests.  Evidence in the case record may give support to the reasons, but it cannot stand as a substitute for the reasons themselves.  The regulations provide a clearly enumerated list of factors under § 1527(d)(2).  The least an ALJ can do to protect a claimant's interests is to explain how it applies the facts of a denied claim to those enumerated factors when it has chosen not to afford a treating source's opinion controlling weight.

For these reasons, the Court **SUSTAINS** Plaintiff's Objection to the Report and Recommendation with respect to the ALJ's failure to comply with 20 C.F.R. § 404.1527(d)(2) as applied to Dr. Masone's treating source opinion.

## V. CONCLUSION

For the foregoing reasons, the Report and Recommendation is **ADOPTED IN PART** as to the ALJ's treatment of Dr. Maynard's treating source opinion and as to the ALJ's credibility finding.  Plaintiff's Objection is **OVERRULED IN PART** as to these arguments.  Because the ALJ violated the agency's own procedural regulation, however, by failing to comply with 20 C.F.R. § 404.1527(d)(2), Plaintiff's Objection is **SUSTAINED IN PART** as to the ALJ's treatment of Dr. Masone's treating source opinion, and this Court **REVERSES** the ALJ's decision and **REMANDS** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                                           /s/ Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED:  March 24, 2014**