```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Steven A. Acton,                  :

        Plaintiff,                :

     v.                           :    Case No. 2:12-cv-1049

                                  :    JUDGE ALGENON L. MARBLEY
Commissioner of Social Security,       Magistrate Judge Kemp

        Defendant.                :
```

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff, Steven A. Acton, filed this action seeking review of a decision of the Commissioner of Social Security denying his application for disability insurance benefits. On July 16, 2013, a Report and Recommendation was filed which recommended overruling Plaintiff's statement of errors and entering judgment in favor of the Commissioner.

Plaintiff filed objections to that recommendation. In an Opinion and Order filed on March 24, 2014, the District Judge sustained the objections in part and remanded the case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four. Plaintiff then timely filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. Responsive and reply memoranda have been filed. For the following reasons, it will be recommended that the motion be denied.

II. The EAJA

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States

was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable

basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

### III. The Favorable Decision

Plaintiff raised three issues in his statement of errors. Two of them, relating to the ALJ's evaluation of the opinion of treating source Dr. Maynard and of Plaintiff's credibility, were overruled. The third raised questions about how the ALJ dealt with the opinions of Dr. Masone, another treating source. The Court sustained that claim of error.

In its Opinion, the Court, citing to Wilson v. Comm'r of Social Security, 378 F.3d 541 (6th Cir. 2004), held that the ALJ's discussion of Dr. Masone's opinion - to which the ALJ gave some weight with respect to Plaintiff's ability to stand and walk, grasp, perform fine manipulation, and to use his feet for repetitive movements, and which also contained certain postural limitations which the ALJ credited - was insufficient because it did not explain exactly how the ALJ discounted the limitations Dr. Masone placed on Plaintiff's lifting capacity. The ALJ said that this part of his decision was based on the vocational evidence of record, but the Court found that it could not tell "exactly how the ALJ applied [the] facts to the various [20 C.F.R. §404.] 1527(d) factors." Doc. 20, at 7. Rather, the Court concluded that "[t]he least an ALJ can do to protect a claimant's interests is to explain how it applies the facts of a

denied claim to those enumerated factors when it has chosen not to afford a treating source's opinion controlling weight." Id. at 8. The case was therefore remanded for a more complete explanation of why the ALJ did not give Dr. Masone's opinion controlling weight.

### IV. The Parties' Arguments
#### A. The Commissioner's Position

The Commissioner, in opposing the motion for fees, notes that the only basis for remand was the ALJ's failure to articulate clearly the reasons for rejecting the lifting limitations imposed by Dr. Masone. This Court found, as the Commissioner notes, that "the record and ALJ decision, when viewed in whole, both contain substantial evidence supporting the ALJ's ultimate decision." Doc. 20, at 6. The Commissioner argues that under DeLong v. Comm'r of Social Security, 748 F.3d 723 (6th Cir. 2014), these facts support a finding that the Commissioner's litigation position was substantially justified. Also, based on cases decided by the Seventh Circuit Court of Appeals, the Commissioner contends that the Court's overruling of Plaintiff's other claims of error is a factor to be considered, and that the Court should not focus just on the one statement of error which was upheld.

#### B. Plaintiff's Position

Plaintiff begins his argument by pointing out that both the treating physician rule and the requirement that an ALJ articulate the reasons for affording less than controlling weight to the opinions of treating physicians are well-established by regulation, rulings, and case law. The failure to follow such basic rules of decision is, according to Plaintiff, strong evidence that the Commissioner's litigation position was not substantially justified. In his reply memorandum, Plaintiff essentially repeats this argument, and also asserts that the fact

that the Commissioner prevailed on two of the three issues raised in Plaintiff's statement of errors cannot be used as evidence of the reasonableness of the Commissioner's decision to defend the ALJ's violation of the treating physician rule as to Dr. Masone. He also cites to Howard v. Barnhart, 376 F.3d 551 (6th Cir. 2004), where the Court of Appeals, in awarding attorneys' fees to a successful social security claimant under the EAJA in a case where both a Magistrate Judge and a District Judge had upheld the denial of benefits, noted that "[w]hile a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" Id. at 554, quoting Pierce, supra, at 569.

V. Analysis

The keystone to any decision about entitlement to fees under the EAJA is the substantiality of the arguments which were made in favor of the Commissioner's litigation position.  Clearly, the Commissioner did not ultimately prevail on the argument that the ALJ provided a sufficiently clear rationale for concluding that Dr. Masone's lifting restrictions could not be accepted in their entirety.  But did the Commissioner act reasonably in advancing that argument?

DeLong has much to say on this issue.  There, the Court of Appeals described its decision this way:

> [W]e hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification.  A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position.  Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

DeLong, 748 F.3d at 727.  This language is especially compelling where, as here, the District Judge specifically found that substantial evidence appeared to support the denial of benefits.  It is even more compelling given the fact that the Commissioner also had a reasonable basis for arguing that the ALJ's decision, as a whole, provided the necessary explanation for how the ALJ treated Dr. Masone's opinion - an argument that was accepted by the Magistrate Judge.  Although, as Howard cautions, the acceptance of such an argument does not necessarily prove its reasonable nature, it is evidence which the Court may consider in its analysis.

Plaintiff does not discuss the DeLong case in his reply.  It is worth noting that other district courts have applied its holding to deny EAJA fee applications in cases where the remand order was procedurally-based and did not imply a lack of substantial justification for the denial of benefits.  See, e.g., Green v. Colvin, 2014 WL 4961169, *3 (W.D. Ky. Oct. 3, 2014)(denying EAJA fees in a case where "the remand ... [could] fairly be characterized as procedural, premised upon lack of adequate explanation, with no implied lack of substantial justification").  That is the situation here.  Without holding that a social security plaintiff can never obtain an award of fees under the EAJA when remand is ordered based on a violation of the "good reasons" rule found in §404.1527(c), the Court finds that in this particular case, DeLong either requires or persuasively supports denial of the Plaintiff's application.

### VI.  Conclusion

For these reasons, it is recommended that the Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (Doc. 22) be denied.

### VII.  Procedure on Objections

If any party objects to this Report and Recommendation,

that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge